IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA



FILED
DEC - 6 2010
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

REGINALD BARNETT, PRO SE
    Plaintiff,

VERSUS

WARDEN ZIEGLER, ET. AL.
FEDERAL CORRECTIONAL INSTITUTION
    Defendant.

Civil No. 5:10-1350
To be furnish by Clerk.

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a), plaintiffs moves this Court for a preliminary injunction for the reasons set forth below and in the supporting memorandum of law:

1. There is a reasonable likelihood that plaintiff will prevail on the merits of the foregoing and his related civil suit currently pending in the Western District of Missouri.

2. The case is under the civil case number 10-3111-NKL.

3. There is a substantial threat of irreparable harm if the injunction is not granted. Plaintiff has repeatedly been victimized by the defendants, as a whole, inasmuch the Bureau of Prisons is federal, therefore passim and plaintiff's real safe haven can only be a placement in state custody, to combat the threat he constantly lives and that at times have been assaulted violently

by those of the Bureau of Prisons, whom are acting conspiratorially against him, because he in their terms of understanding and beliefs, deem him to be the enemy, due to the fact that he has won three independent civil suits against prison staff for violating his Eighth Amendment rights. . .The same is happening again, it could lead to the death of plaintiff, because he is now being detained in the Special Housing Unit("SHU") and death to an inmate occurred here in the spring of 2004. Plaintiff do not want to become the second victim, from the callous and ruthless hands of the defendants.

4. The threatened injury to plaintiff outweights any harm the proposed injunction may cause defendant. The relief that plaintiff seeks is an order compelling defendants to perform their preexisting duties under the U.S. Constitution. . .Plaintiff requires placement in a medical level four institution and he requires [m]orphine as his prescribed medication and he still needs his operation that he was denied via the retaliations of the "BOP" staff.[1/]

5. The public interest will not be disserved by a grant of a preliminiary injunction. To the contrary, the public interest is well served by protecting the constitutional rights of plaintiff, that is being violated daily and by an assortment of means of abuse.

6. Plaintiff is in imminent danger here and his life has been threatened on several occasions.

---

1. Plaintiff requires a Tens unit machine, to self impose shock when needed. He is being denied the machine or furnished a broken one.

WHEREFORE, plaintiff request that upon consideration of this motion and his supporting memorandum of law, this Court order defendants, their successors, agents, employees and all persons acting in concert with them to provide plaintiff that which medically required, after a transfer to a proper institutional placement, which should be an immediate transfer to a state facility or to any facility that this Court deem appropriate under the threatening retaliations which could result in an untimely death plaintiff.

_____  
Reginald Barnett

11-18-10  
Date:

## "CERTIFICATE"

I, Reginald Barnett, <u>pro se</u>, do hereby certify and verify that the foregoing is true and correct to the best of my knowledge, under the pains and penalties of perjury, pursuant to 28 U.S.C. §1746 and my signature affixed below acknowledges such.

_____  
Reginald Barnett

11/18/10  
Date:



