IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **REGINALD BARNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:10-1350 |
| | ) | |
| **JOEL ZIEGLER, Warden,** | ) | |
| **FCI Beckley,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On December 6, 2011, Plaintiff filed a Motion for Preliminary Injunction and a Memorandum in Support. (Document Nos. 1 and 2.) In his Motion, Plaintiff claims that he was "assaulted violently by those of the Bureau of Prisons" and "is in imminent danger here and his life has been threatened on several occasions." Plaintiff states that "[t]he relief that plaintiff seeks is an order compelling defendants to perform their preexisting duties under the U. S. Constitution . . . Plaintiff requires placement in a medical level four institution and he requires morphine as his prescribed medication and he still needs his operation that he was denied via the retaliations of the 'BOP' staff." Plaintiff requests that "this Court order defendants . . . to provide plaintiff that which [is] medically required, after a transfer to a proper institutional placement, which should be an immediate transfer to a state facility or to any facility that this Court deems appropriate . . .." Plaintiff makes no request for an award of monetary damages. (Document No. 1.) In his Memorandum in Support, Plaintiff asserts that Defendants have violated his Fifth and Eighth Amendment rights by acting with deliberate indifference to his serious medical conditions in denying him his required medications and placement in a proper facility where his medical

conditions can be treated in retaliation for his "whistle blower" actions which resulted in the punishment of correctional staff.[1] Plaintiff states as follows (Document No. 2, pp. 7 - 8.):

> Plaintiff's medical problem is very serious, he is being denied his proper medication, his proper medical placement in a care level four institution and he is being subjected to the second hand smoke of the staff here, which is very serious to him, in consideration of his overall health problems.

Plaintiff asserts that FCI Beckley is a care level two institution and he should be held at a care level four institution because of his serious medical conditions. Plaintiff further complains about his exposure to second hand smoke at FCI Beckley which "gravely affects" him. Plaintiff requests that the District Court 'order defendants . . . to provide plaintiff with the benefits of his constitutional rights, that being his proper medicine, proper institutional placement and not to be retaliated on and to be able to live free of ETS [environmental tobacco smoke]." Plaintiff attached copies of documents to his Memorandum in Support including a list of his prescriptions, his request for administrative remedy, his placement in SHU at MCFP Springfield and a report of the Department of Public Safety and Correctional Services respecting a 2006 cell extraction incident involving Plaintiff at Maryland Correctional Adjustment Center, Baltimore, Maryland, which indicates that correctional officers were demoted, terminated and sanctioned. Plaintiff makes no request for an award of monetary damages in his Memorandum in Support.

    Now it appears from the Bureau of Prisons web page that Plaintiff was transferred to USP Canaan near Scranton, Pennsylvania, sometime after February 24, 2011, the date of his last filing

---

[1] Plaintiff indicates (Document No. 2, p. 10, fn. 2.) that he successfully sued correctional officers at several facilities for assaulting him and was transferred to MCFP [Medical Center for Federal Prisons] Springfield, Missouri, to receive an operation. There, Plaintiff states, correctional staff held him in "lock down" for 36 months in retaliation for his actions against correctional staff elsewhere, and he did not receive the operation. He claims that he was then transferred to FCI Beckley in further retaliation.

in this matter.[2]

## ANALYSIS

Plaintiff seeks injunctive relief against Defendants from violations of his constitutional rights in providing medications and medical treatment and subjecting him to second hand cigarette smoke. Plaintiff does not request monetary damages. Plaintiff has been transferred to USP Canaan in Pennsylvania, and his claim for injunctive relief is therefore moot in this Court. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. "It has long been settled that a federal court has no authority to 'give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992), *quoting* Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895); Incumaa v. Ozmint, 507 F.3d 281, 285 - 286 (4th Cir. 2007). A change in an inmates circumstances from those which generated the inmate's request for injunctive relief by the inmate's transfer, release or change in custodial status will render his claim for injunctive relief moot unless the circumstances are capable of repetition. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009)("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory

---

[2] Plaintiff's projected date of release from custody is currently June 13, 2015.

relief with respect to his incarceration there."); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(Plaintiff's transfer mooted his Section 1983 claims for declaratory and injunctive relief but not claims for monetary damages.); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987)("Because the prisoner has been transferred, his request for injunctive relief is moot."); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983)(When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy."). Plaintiff's claim for injunctive relief respecting circumstances at FCI Beckley became moot when he was transferred to USP Canaan, and it is not evident that those circumstances which he would have enjoined are capable of repetition within this District. Accordingly, Plaintiff's Motion for Preliminary Injunction must be denied as moot.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Preliminary Injunction as moot (Document No. 1.), **DISMISS** this civil action, and remove this matter from the Court's docket.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court,

written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, at USP Canaan, Pennsylvania, where he is currently incarcerated.

Date: June 15, 2011.

R. Clarke VanDervort
United States Magistrate Judge