IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

REGINALD BARNETT,

                Petitioner,

v.                                         CIVIL ACTION NO. 5:10-cv-01350

WARDEN ZIEGLER and
FEDERAL CORRECTIONAL INSTITUTION,

                Respondents.

**MEMORANDUM OPINION AND ORDER
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

The Court has reviewed Petitioner's Motion for Preliminary Injunction (Document 1) and its supportive memorandum (Document 2). The Magistrate Judge has reviewed Petitioner's motion and, on June 15, 2011, submitted his Proposed Findings and Recommendations (PF&R) (Document 6). Petitioner's Motion for Extension of Time to Object to the PF&R (Document 8) was granted by this Court on July 13, 2011. Petitioner filed his objections to the PF&R on July 18, 2011 (Document 11).

**I.    FACTS**

On December 6, 2010, Petitioner filed a Motion for Preliminary Injunction and a Memorandum in Support.[1] Petitioner claims he was violently assaulted by Bureau of Prison officials and indicates his life was in imminent danger. (Document 1 at 2-3). Further, Petitioner asserts that Respondents violated his Fifth and Eighth Amendment rights by acting with

---

[1] Magistrate Judge PF&R incorrectly identified the date of filing as December 6, 2011.

1

deliberate indifference to his serious medical conditions in denying him his required medications and also denying his placement in a proper facility where his medical conditions could be treated. (Document 2 at 7-8). Petitioner argues an injunction is appropriate because FCI Beckley is a care level two institution and he has a care level of four. (Document 2 at 11). He further complains of being exposed to environmental tobacco smoke (ETS). *Id*. at 13.

Petitioner requests only injunctive relief. (Document 1 at 3). Specifically, Petitioner asks this Court to order "[Respondents], their successor, [and] agents employees . . . to provide [Petitioner] with the benefits of his constitutional rights, that being his proper medicine, proper institutional placement and not to be retaliated on and to be able to live free of ETS." (Document 2 at 18).

According to the Bureau of Prisons web page, Petitioner was transferred to USP Canaan, near Scranton, Pennsylvania. Petitioner's last filing from FCI Beckley was on February 24, 2011. (Document 5).

## II. STANDARD OF REVIEW OF THE MAGISTRATE JUDGE'S PR&R

The Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (2006). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, the Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47

(4th Cir. 1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. DICUSSION

*A. Magistrate Judge's PF&R*

In light of Petitioner's transfer to USP Canaan, the Magistrate Judge found Petitioner's motion for injunctive relief against Respondents was moot and should be dismissed. (Document 6 at 3.) The Magistrate Judge correctly identified that Article III, Section 2, of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Further, in order to have a live case or controversy, "[the] litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*.

The Magistrate Judge correctly recognized that "[a]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). However, a claim is not moot if the circumstances are capable of repetition that would evade judicial review. *Id*. at 187.

Ultimately, the Magistrate Judge found "[Petitioner's] claim for injunctive relief respecting circumstances at FCI Beckley became moot when he was transferred to USP Canaan, and it is not evident that those circumstances which he would have enjoined are capable of repetition within this District." (Document 6 at 4). Accordingly, the Magistrate Judge recommends that "[Petitioner's] Motion for Preliminary Injunction must be denied as moot." *Id*.

### B. *Petitioner's Objections*

Petitioner first objects that his current transfer to USP Canaan "clearly established retaliation for his whistle blowing against (sic) prison staff for the abuse that was done to [him], as well as retaliation for filing his injunctive relief claim." (Document 11). Petitioner's objection does not address the Magistrate Judge's finding that his motion is moot. He is essentially arguing a new claim for retaliation, which is beyond the scope of his motion for injunctive relief and beyond the scope of this Court's proper review. Thus, Petitioner does not object to a specific error in the Magistrate Judge's proposed finding and recommendations. Accordingly, the Court finds this objection is without merit.

Petitioner next argues the Court should grant his motion for injunctive relief to be placed in a level four medical institution. (Document 11 at 2). Essentially, he argues this is a violation of his right to be free of cruel and unusual punishment. *Id*. Petitioner's objection does not address the Magistrate Judge's finding that his motion is moot. Thus, Petitioner does not object to a specific error in the Magistrate Judge's proposed finding and recommendations. Accordingly, the Court finds this objection is without merit.

Petitioner finally attempts to argue that his motion is not moot because he was transferred to a different facility and his motion would only become moot when he was returned to a lower level facility. (Document 11 at 2). In furtherance of Petitioner's attempted argument, he relies on *Presider v. Newkirk*, 422 U.S. 395 (1975). However, in *Presider*, the petitioner's claim was actually based on the transfer itself, not some underlying claim for injunctive relief. 422 U.S at 395-96 (1975). Petitioner's attempted objection is general, conclusory, and he does not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. Accordingly, the Court finds this objection is without merit.

**CONCLUSION**

Thus, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 6) be **ADOPTED.** The Court further **ORDERS** that Petitioner's Motion for Preliminary Injunction (Document 1) be **DENIED** as **MOOT**. Finally, the Court **ORDERS** that this civil action be **DISMISSED.** The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    September 20, 2011

_Irene C. Berger_
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA